# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:13-cr-00189-KJD-CWH |
| vs. | **ORDER** |
| FRANCISCO ALCARAZ, | |
| Defendant. | |

This matter is before the Court on Defendant Francisco Alcaraz's Motion to Sever Counts for Trial (#42), filed on December 15, 2013. The Court also considered the Government's Response (#52), filed on January 27, 2014, and Defendant's Reply (#57), filed on February 5, 2014.

## BACKGROUND

On May 22, 2013, a Federal Grand Jury returned a criminal indictment charging Defendant Francisco Alcaraz ("Alcaraz") with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Indictment #1. On August 7, 2013, a Federal Grand Jury returned a superseding criminal indictment, charging the defendant with three separate counts of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Superseding Indictment #20.

By way of this motion, Alcaraz requests that the Court sever the counts and conduct three different trials. According to Alcaraz, the counts are unrelated transactions, each alleged to have occurred on a different day, involving different factual situations, and different evidence. Alcaraz also contends that a single trial would be prejudicial because the jury may draw improper negative inferences due the cumulative effect of repetition of allegations of assaultive behavior. In response, the Government claims that severance is not warranted because all three counts have the same statutory elements, at least one witness is common to Count One and Count Two, and Alcaraz

failed to demonstrate a serious risk of prejudice.

## DISCUSSION

### I.  Rule 8 Joinder of Offenses

Federal Rule of Criminal Procedure 8 allows the joinder of two or more offenses in one indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). As a result, at least one of the three conditions specified in Rule 8 must be satisfied for a proper joinder. The Ninth Circuit has upheld joinder on the basis of "similar character" in a case involving two counts of felon in possession of a firearm, with different dates and surrounding circumstances. *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001). As for guidance on determine whether two or more counts against a defendant are the "same acts" under Rule 8(a), the Ninth Circuit has considered several factors including: the elements of the statutory offense, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims. *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). Finally, the Ninth Circuit generally permits joinder of counts for a "common scheme or plan" when they grow out of related transactions. *Id.* at 574.

Rule 8 is construed broadly in favor of initial joinder. *See United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971). Joinder is favored to conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial. *See Bruton v. United States*, 391 U.S. 123, 134 (1968). In determining the propriety of joining offenses in the indictment, the court must examine only the allegations in the indictment meaning that a valid basis for joinder should be discernible from the face of the indictment. *See Jawara*, 474 F.3d at 572-73.

Here, Alcaraz concedes that the three counts are similar in that they allege that the same defendant was a felon in possession of a firearm. However, Alcaraz argues that severance of the offenses into separate trials is justified because the actual transactions are of different scenarios on different dates. Specifically, Count One involves a reported altercation outside of an apartment,

Count Two involves an investigatory automobile stop, and Count Three concerns an alleged street altercation. Accordingly, Alcaraz contends that the evidence related to the three counts does not overlap. In contrast, the Government argues that all three counts have the same statutory elements and therefore, are of similar character. The Government also indicates that at least one witness overlaps between Counts One and Two of the Superseding Criminal Indictment – Las Vegas Metropolitan Police Department Detective Orth. After careful examination of the allegations in the indictment, the Court finds that the three counts "are of the same or similar character" and that initial joinder under Rule 8 is appropriate. Fed. R. Crim. P. 8. The three counts have the same statutory elements, and except for the dates and surrounding circumstances, are the same. Alcaraz's contention that the three counts are not similar due to the differing dates and differing fact scenarios is unavailing because the Court is required to only examine the allegations in the indictment. *See Jawara*, 474 F.3d at 572-73.

## II. Rule 14 Severance of Offenses

Federal Rule of Criminal Procedure 14 provides relief from joinder of offenses under Rule 8(a) through ordering "separate trials of counts" if joinder of the offenses for trial "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Thus, "[e]ven if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move to sever pursuant to [Rule] 14." *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986). Joinder of offenses may prejudice a defendant in that:

> (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.

*United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *Drew v. United States*, F.2d 85, 88 (D.C. Cir. 1964)).

To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so "manifestly prejudicial" that the judge is required to exercise his or her discretion in only one way - by severing the trial. *Johnson*, 820 F.2d at 1070; *see also United States v. Davis*, 663 F.2d 824, 832-33 (9th Cir. 1981); *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). Rule 14 is designed to promote economy and efficiency by avoiding multiple trials. *United*

1  *States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986).  The Court is required to weigh the potential
2  for prejudice against the concern for judicial economy.  Accordingly, a defendant must show
3  prejudice of "such magnitude" that it would compromise a specific trial right or prevent the jury
4  from making a reliable judgment about guilt or innocence.  *United States v. Lewis*, 787 F.2d 1318,
5  1321 (9th Cir. 1986).  Even if there is a "serious risk" of prejudice, Rule 14 does not require
6  severance if other relief can be tailored.  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  The
7  court has wide discretion in ruling on a severance motion as an aspect of its inherent right and duty
8  to manage its own calendar.  *See Opper v. United States*, 348 U.S. 84, 95 (1954); *see also United*
9  *States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).
10         Here, Alcaraz makes three main arguments for why severance is required.  First, he argues
11 that if the three counts are tried together, then the jury will hear evidence that it would not be
12 legally permitted to hear.  He claims that the spillover prejudice of such evidence is so serious that
13 severance is required by Rule 14.  Second, Alcaraz alleges the jury will likely be swayed by the
14 mere existence of multiple allegations and improperly infer that Alcaraz must be predisposed to
15 commit such offenses despite the presentation of different defenses.  Third, Alcaraz insists that the
16 judicial economy objective of Rule 14 is less compelling due to the lack of overlapping witnesses
17 and evidence between the three counts.  Therefore, Alcaraz contends that severance of Counts One,
18 Two, and Three into separate trials pursuant to Rule 14(a) is proper.
19         In response, the Government alleges that judicial economy would be furthered by a joint
20 trial due to at least one witness being the same for two counts.  Additionally, the Government
21 asserts that Alcaraz has merely raised an argument for potential prejudice rather than serious risk of
22 prejudice.  The Government argues that a limiting jury instruction, rather than severance, is
23 sufficient to eliminate potential prejudice.
24         After careful review, the Court finds that severance is not warranted.  As for Alcaraz's first
25 argument, he failed to identify any particular evidence that will be presented that would be
26 otherwise inadmissible.  Accordingly, the Court finds that Alcaraz has failed to demonstrate a
27 serious risk of manifest prejudice due to inadmissible evidence.  *Compare United States v. Nguyen*,
28 88 F.3d 812, 815 (9th Cir. 1996).  As for Alcaraz's second argument, he merely asserts a potential

for prejudice because the jury may hear evidence of multiple violations of weapons possession and determine that he is predisposed to commit such an offense.  The Court finds that the potential risk for such spillover prejudice can be eliminated by a cautionary jury instruction.  *See Zafiro*, 506 U.S. at 539; *see also United States v. Vasquez-Velasco*, 15 F.3d 833 (9th Cir. 1994) (collecting cases regarding jury instructions concerning compartmentalizing evidence and spillover prejudice).  The Supreme Court has recognized that juries are presumed to follow their instructions.  *Richardson v. Marsh*, 481 U.S. 200, 211 (U.S. 1987).[1]  Accordingly, when a court charges the jury with the elements of each count separately, such action militates against a finding of prejudice.  *See United States v. Matta-Ballesteros*, 71 F.3d 754, 771 (9th Cir. 1995).

      Finally, as for Alcaraz's third argument that there is no compelling judicial economy for joinder because of a lack of overlapping evidence, the Court is not convinced that this warrants severance.  Significantly, Alcaraz does not identify any particular defenses that he might present as to any particular count or specific reasons for testifying about one offense but not the others.  *See United States v. Bronco*, 597 F.2d 1300, 1303 (9th Cir. 1979) (an accused should identify specific testimony to justify severance).  To justify severance on this ground, a defendant "must show that he has important testimony to give on some counts and a strong need to refrain from testifying on those he wants severed."  *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983).  While an important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant and competent evidence.  *See Zafiro*, 506 U.S. at 540.  The Court will not speculate on the defenses that might be presented.  However, the Court notes that evidence of other acts may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in some circumstances.  *See* Fed. R. Evid. 404.  Without the benefit of the identification of the defenses or testimony to be presented, the Court is unable to determine that a

---

[1] The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process. *Richardson,* 481 U.S. at 211.

clear, manifest risk of prejudice to Alcaraz outweighs the judicial economy of a joint trial on the three counts.

In conclusion, the Court gave careful consideration to Alcaraz's proffered reasons for severance. Ultimately, it finds that Alcaraz has not met the "heavy burden" of demonstrating that joinder of the three counts for trial is so manifestly prejudicial that severance is required.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Francisco Alcaraz's Motion to Sever Counts for Trial (#42) is **denied**.

DATED this 20th day of May, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**