**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:13-cr-00189-KJD-CWH |
| Plaintiff, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| FRANCISCO ALCARAZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant Francisco Alcaraz's ("Alcaraz") Second Motion to Suppress Evidence (#104), filed on January 7, 2015. The Court also considered the Government's Response (#111), filed on January 26, 2015, and Defendant's Reply (#115), filed on February 1, 2015.

### BACKGROUND

On May 22, 2013, a Federal Grand Jury returned a criminal indictment charging the defendant with one count of *Possession of a Firearm by a Convicted Felon* in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (#1). On August 7, 2013, a Federal Grand Jury returned a superseding criminal indictment, charging the defendant with three separate counts of *Possession of a Firearm by a Convicted Felon* in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (#20). This court previously considered Alcaraz' first motion to suppress, filed on December 18, 2013. After conducting an evidentiary hearing on March 17, 2014, and receiving post hearing briefs on April 7, 2014, this court on June 3, 2014 issued Findings and Recommendations to deny Alcaraz's first motion to suppress a firearm and ammunition seized by law enforcement officers on February 13, 2013. (#82).[1] By way of this motion, Alcaraz now argues that the testimony received during the prior evidentiary hearing supports the suppression of the firearm and ammunition, and a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978).

---

[1] The district judge adopted and affirmed the Findings and Recommendation on August 13, 2014. (#95).

# DISCUSSION

## A. Timeliness

The Government argues that the motion is untimely because motions were due on June 29, 2013. (#10). Alcaraz points out that the parties stipulated to reset the deadlines for other pretrial motions after the Superseding Indictment was filed. (#19). The court entered an order regarding pretrial procedure on August 15, 2013, which required pretrial motions to be filed within 30 days, subject to an extension for good cause. (#26). The parties then stipulated on September 4, 2013 to extend deadlines for 60 days, which this Court did not approve. (#34; #35). The present motion was filed on January 7, 2015, a month before trial was scheduled to commence on February 9, 2015, and a year after the motions deadline had expired. The court has not given permission for the present motion to be filed. Accordingly, the motion is untimely and may be denied on that basis. Nevertheless, the Court will consider this issue on the merits to determine whether Alcaraz has made the substantial preliminary showing required to justify a *Franks* hearing.

## B. Plain View

The circumstances surrounding the seizure of the subject evidence on February 13, 2013 are discussed in detail in the court's prior Recommendation (#82), and are incorporated herein by reference. Alcaraz now argues that the evidence should be suppressed under *Franks v. Delaware* because the affidavit supporting the warrant to search the vehicle contains material omissions and misrepresentations.

In *Franks v. Delaware*, the Supreme Court established a two-prong test for challenging the sufficiency of a search warrant affidavit. 438 U.S 154. A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if he can make a substantial preliminary showing that: (1) the affidavit contains intentionally or recklessly false statements or misleading omissions and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *Id*. at 155-56.

Alcaraz's motion incorrectly assumes that the lawfulness of the seizure of the evidence depends upon the validity of the search warrant. In its prior Findings and Recommendations, the Court analyzed the seizure of the firearms and ammunition evidence based upon the plain view doctrine, and

found that in this case, the firearm discovered by Officer Corry was in plain view, and subject to be seized "at that moment he observed it." (#82 at 19-20).  In its Findings and Recommendations, the Court discussed the plain view doctrine, and then made the following findings:

> Officer Corry testified that when he leaned into the vehicle to look into the glove box, he noticed the barrel of a firearm beneath the passenger seat. He immediately stopped his search for the insurance documents and advised Officer Cannon, using code "413," that he had seen a weapon. The officers requested assistance from the FIU in order to obtain a search warrant. Officer Corry testified that he could not tell the make of the pistol, but could tell that it was a 9 millimeter pistol based upon his training and experience. He also testified that he did not touch the pistol. According to the photograph of the pistol under the seat, the barrel is easily discernable.
>
> The Court finds that both requirements of the plain view doctrine are met. First, the Court finds that Officer Corry was lawfully looking into the vehicle to open the glove box to retrieve the insurance documents. As previously determined, Defendant provided his voluntary consent for Officer Corry to look for insurance documents in the vehicle's glove box. Second, the incriminating nature of the evidence was immediately apparent to Officer Corry because he had previously obtained Defendant's criminal history, knew that Defendant was a convicted felon, and therefore, unable to possess a firearm. Officer Corry testified that the area was well lit and he could see the barrel easily. Based upon his training and experience, he was capable and competent to recognize the pistol barrel. Accordingly, the plain view doctrine would have permitted Officer Corry to seize the pistol at the moment he observed it.

(#82 at 19-20).

The Court has already considered Alcaraz' arguments that: (1) Detective Orth and/or Officer Corry misrepresented the location of narcotics paraphernalia within the vehicle, (2) Officer Corry at the Motion to Suppress hearing omitted that he searched the vehicle prior to the search warrant application, and (3) Officer Corry's omission of the fact that he conducted a search before the search warrant was obtained effects his credibility regarding observing the firearm in plain view, as follows:

> First, Defendant argues that it would have been impossible for Officer Corry to know that the pistol was a Berretta 9 millimeter pistol given its location under the passenger seat unless he viewed it during a prior illegal search. Defendant also argues that even if he provided consent to search the glove box for insurance documents, Officer Corry exceeded the scope because his viewpoint would not allow him to see the barrel when looking at the glove box. Similarly, Defendant highlights the fact that the warrant authorized the seizure of narcotics paraphernalia including "but not limited to a glass smoking pipe commonly used to ingest methamphetamine."
>
> Because there is no evidence to indicate that a glass smoking pipe was observed in the vehicle prior to the search warrant being executed, Defendant asserts that Officer Corry must have already performed an illegal search. The Court is not convinced that Officer Corry performed an illegal search prior to Detective Orth obtaining a search warrant or that Officer Corry exceeded the scope of Defendant's consent to search the glove box. The angle of the picture admitted as Defendant's Exhibit D-8 indicates that the barrel of the

3

pistol is sticking out underneath the seat. It is unclear how far the barrel sticks out when observed from a viewpoint looking down into the car. The Court finds Officer Corry's testimony credible that he went to search for insurance documents in the glove box with Defendant's consent and saw the barrel in plain view. Further, the Court finds credible Officer Corry's explanation that his training and experience informed his knowledge of the type of firearm involved and he is able to recognize such a firearm at all angles. Accordingly, the seizure of the firearm did not violate Defendant's Fourth Amendment rights and the Court will not recommend suppression of the firearm seized on February 17, 2013.

(#82 at 20-21).

Even if the affidavit contained false information, or omitted information, as Alcaraz alleges, the firearm would not be suppressed because it was lawfully seized as evidence discovered in plain view. *See Horton v. California*, 496 U.S. 128, 136 (1990). The court will not revisit its determination as to the officer's credibility. Accordingly, there is no basis for the requested *Franks* hearing.

**RECOMMENDATION**

Based on the foregoing and good cause appearing therefore, **IT IS HEREBY RECOMMENDED** that Defendant Alcaraz's Motion to Suppress Evidence (#104) be **denied.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 2, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**