1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                          DISTRICT OF NEVADA

6                                                    * * *

7    UNITED STATES OF AMERICA,                    Case No. 2:13-CR-189-KJD-CWH

8                                    Plaintiff,

9          v.
                                                                ORDER
10   FRANCISCO ALCARAZ,

11                                   Defendant.

12

13

14          Before the Court is the Government's Motion in Limine to Exclude Introduction of

15   Alleged Self-Defense as it Relates to Counts I and II of the Superseding Indictment (#131).

16   Defendant has responded (#145) and no reply is required.

17   **I. Legal Standard**

18          Pre-trial exclusion of evidence relating to affirmative defenses unsupported by sufficient

19   offers of proof or precluded as a matter of law is proper. United States v. Kinslow, 860 F.2d 963,

20   966 (9th Cir. 1988). Self-defense is available as a defense in felon in possession cases. United

21   States v. Gomez, 92 F.3d 770, 775 (9th Cir. 1996). A defendant is entitled to a self-defense

22   instruction where "there is any foundation in the evidence, even though the evidence may be

23   weak, insufficient, inconsistent, or of doubtful credibility" but "a mere scintilla of evidence . . . is

24   not sufficient." United States v. Wofford, 122 F.3d 787, 789 (9th Cir. 1997), as amended (Aug.

25   21, 1997) (internal citation and quotations omitted).

26          The four elements of the defense are that Defendant: 1) was under unlawful and present

1   threat of death or serious bodily injury; 2) did not recklessly place himself in a situation where he

2   would be forced to engage in criminal conduct; 3) had no reasonable legal alternative; and 4)

3   there was a direct causal relationship between the criminal action and the avoidance of the

4   threatened harm. Id. at 789-90.

5          To show that no reasonable legal alternative existed, a defendant "must show that he

6   actually tried the alternative or had no time to try it, or that a history of futile attempts revealed

7   the illusionary benefits of the alternatives" United States v. Lemon, 824 F.2d 763, 765 (9th Cir.

8   1987). In felon-in-possession cases, defendants are "uniformly require[d] . . . to seek aid from

9   law enforcement before taking matters into [their] own hands." Wofford, 122 F.3d at 791.

10  **II. Analysis**

11         Here, even if the Defendant were to offer credible testimony as to the events alleged in

12  his response, there is no legal basis for allowing evidence of this defense to be presented to the

13  jury. First, Defendant recklessly placed himself in a situation where he would be forced to

14  engage in criminal conduct. Specifically, Defendant observed two individuals fighting on the

15  ground, one of whom had a gun. Knowing he was a felon, Defendant proceeded to involve

16  himself in the fight. When one of the individuals pointed a gun at Defendant, instead of

17  retreating, Defendant persisted, ultimately ending with his possession of the firearm. However

18  the altercation ended, Defendant was at minimum reckless in placing himself in a situation where

19  he would be forced to engage in criminal conduct.

20         Further, Defendant has utterly failed to show that he had no reasonable legal alternative.

21  First, Defendant failed to seek aid from law enforcement by calling the police regarding the

22  fight. This action is specifically required within this Circuit as noted above. Secondly, Defendant

23  had virtually unlimited legal alternatives, including taking no action whatever. Defendant failed

24  to take advantage of the multiple legal alternatives available to him.

25  ///

26  ///

**III. Conclusion**

For the above reasons, as a matter of law, Defendant has failed to provide sufficient support for a theory of self-defense. Accordingly, Defendant is precluded from raising this defense at trial, and no jury instruction regarding self-defense will be given. The Government's Motion (#131) is **HEREBY GRANTED**.

DATED this 9th day of February, 2015.

_____
Kent J. Dawson
United States District Judge