UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ALCARAZ,<br><br>Defendant. | Case No. 2:13-cr-00189-KJD-CWH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF #192). The Court has reviewed the petition and finds that a government response is not warranted.

I.      Factual and Procedural Background

On May 22, 2013, Defendant Francisco Alcaraz ("Alcaraz") was indicted with one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm. (ECF #1, at 1). On August 8, 2013, a superseding indictment against Alcaraz was filed. (ECF #20). This time, Alcaraz faced three counts of felon in possession of a firearm. Id. at 1–3. Alcaraz was charged with possessing a Sig Sauer 9mm handgun, a Beretta Storm 9mm semi-automatic handgun, and a Glock .45 caliber handgun after previously being convicted of three felonies. Id. Alcaraz had been convicted for conspiracy to commit robbery and robbery with a deadly weapon in 2003, child endangerment and assault with a deadly weapon in 2011, and attempt possession of a stolen vehicle in 2012. Id. at 1. Alcaraz pleaded not guilty to the charges and was remanded to custody while awaiting trial. (ECF #30).

At trial, a jury found Alcaraz guilty on all three counts of felon in possession of a firearm. (ECF #164). The Court sentenced Alcaraz to 120 months in prison for counts one and two, to run concurrently, and 120 months in prison for count three, with the first 60 months to run

concurrently with counts one and two and the last 60 months to run consecutively with counts one and two. Id. at 2. The sentence totaled 180 months in custody followed by three years of supervised release per count, to run concurrently. Id. at 3. Alcaraz filed a notice to appeal his conviction to the Ninth Circuit Court of Appeals one week after the judgment was entered. (ECF #165). On appeal, Alcaraz argued that the Court erred by joining the three counts for trial and abused its discretion by denying his motion to sever, that the Court erred by denying his motion to suppress evidence of a firearm found by a police officer in the car he was driving, that the Court abused its discretion by denying his request for a justification defense jury instruction, and that the Court erred in calculating his base offense level and criminal history during sentencing. (ECF #188, at 2–3). The Ninth Circuit rejected Alcaraz's arguments and affirmed the judgment from the district court. Id. at 4. The court issued a formal mandate indicating that the judgment of the court took effect on December 13, 2016. (ECF #189). Alcaraz did not petition the United State Supreme Court for a writ of certiorari. Instead, Alcaraz filed his § 2255 motion in this Court on April 18, 2018. (ECF #192). While the motion was filed on April 18, 2018, Alcaraz states that he placed the motion in the mailbox "on or about the 26 day of March 2018." (ECF #199, at 1).

II.     Legal Standard

Title 28 U.S.C. § 2255 allows a defendant in federal custody to challenge his conviction on the grounds that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Though § 2255 allows certain collateral attacks to a judgment of conviction, it is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

The Court assumes that a judgment of conviction is valid once a defendant has waived or

completed his appeal. Id. For that reason, the United States need not respond to a § 2255 petition until ordered to do so. Rule 4(b) of the Rules Governing § 2255 Petitions requires the Court to promptly review each § 2255 petition. If the Court cannot summarily dismiss the petition, it must order the United States attorney to respond. After reviewing the government's response, the Court must hold an evidentiary hearing unless the record makes clear that the petitioner is not entitled to relief. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988). Alternatively, the Court may dismiss the petition without response or hearing if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)).

    III.    Analysis

Alcaraz has filed multiple motions and the Court will address each here.

    A.  Section 2255

Alcaraz raises three arguments in his motion: ineffective assistance of counsel, incorrect calculation of his base offense level due to the mischaracterization of his previous convictions as crimes of violence, and failure to consider pretrial detention in the length of his sentence. Having reviewed the motion, the Court finds that it is untimely and must be dismissed.

Section 2255 states that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). That deadline may also begin on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. at § 2255(f)(3). The limitation period begins on the latest of the possible dates. Id. at § 2255(f). "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). Supreme Court Rule 13(1) states that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this

Court within 90 days after entry of the judgment." Sup. Ct. R. 13(1). The Ninth Circuit ruled on Alcaraz's appeal, affirming his sentence, on November 2, 2016. The court mandated that its ruling took effect on December 13, 2016. Alcaraz then had 90 days to petition the United States Supreme Court for a writ of certiorari. He did not make such a petition and the time to do so expired on March 13, 2017. That is when Alcaraz's one-year deadline to file a § 2255 motion began. Alcaraz did not put his motion in the mail until March 26, 2018, which falls outside of the one-year window that expired on March 13, 2018.

Alcaraz argues that the Supreme Court recognized a new right in Johnson v. United States, 576 U.S. 591 (2015) and Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) which changes his one-year deadline and makes him eligible for relief. However, Johnson was decided more than one year ago on June 26, 2015 and does not impact Alcaraz's period of limitation. "An applicant has one year from the date on which the right he asserts was initially recognized by this Court." Dodd v. United States, 545 U.S. 353, 357 (2005). The right in Johnson was recognized in 2015, more than one year prior to Alcaraz's filing. The later deadline provided by the exhaustion of Alcaraz's appeals on March 13, 2017 is the more fitting deadline. Dimaya was also ruled on in 2015 but was affirmed by the Supreme Court on April 17, 2018 in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). That opinion was issued after Alcaraz filed his motion. However, Dimaya applied Johnson to the Immigration and Nationality Act, which is not at issue here. As such, neither case gives Alcaraz a new constitutional right recognized by the Supreme Court that would extend his one-year period of limitation and make his March 26, 2018 filing timely. Because Alcaraz failed to file his motion within the designated time, it is dismissed.

Additionally, Alcaraz's argument that his previous convictions were not crimes of violence was already argued on appeal. The Ninth Circuit's order affirming Alcaraz's conviction and sentence states that
> Defendant argues the district court erred in calculating Defendant's base offense level and criminal history during sentencing. . . Defendant's prior convictions for assault with a deadly weapon . . . and robbery with the use of a deadly weapon . . . qualify as crimes of violence for purposes of apply the United States Sentencing Guideline § 2K2.1(a)(2).

(ECF #188, at 3). The Ninth Circuit already ruled on this argument and a § 2255 motion "is not

intended to give criminal defendants multiple opportunities to challenge their sentences. Dunham, 767 F.2d at 1397. Whenever a defendant has "raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent section 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000). Alcaraz may not relitigate this issue in a § 2255 motion. The Ninth Circuit surely considered Alcaraz's argument regarding the Johnson decision because Johnson was decided over one year before Alcaraz's appeal was final. Since then, the Supreme Court has ruled that void-for-vagueness challenges do not apply to sentencing guidelines, as Alcaraz argues. See Beckles v. United States, 137 S. Ct. 886 (2017). The Court held that because the sentencing guidelines "merely guide the courts' discretion, the Guidelines are not amenable to a vagueness challenge." Id. at 894. Because Alcaraz has litigated this issue previously, and his void-for-vagueness challenge of the sentencing guidelines is improper, the Court denies Alcaraz's argument.

Alcaraz did not follow the procedure set forth in § 2255 when he filed his motion more than one year after his conviction became final. The new rights that Alcaraz argues should grant him relief did not impact his one-year deadline. Additionally, some of Alcaraz's arguments have already been litigated on direct appeal and may not be used in a § 2255 action. As such, Alcaraz's motion to vacate, correct, or set aside his sentence is denied.

      B. Motion to Dismiss

Alcaraz filed a motion to dismiss on August 7, 2019. (ECF #195). The motion is difficult to follow and argues that Alcaraz's conviction could not have been legal because there was no "real party in interest" and no "ratification of commencement." Alcaraz argues that the United States of America is a corporation and cannot bring criminal actions against defendants on behalf of the people. Because the United States could not bring the action against him, Alcaraz argues, the conviction must be dismissed. This kind of argument is not properly brought in a motion to dismiss. Additionally, even with a liberal construction of the motion, Alcaraz relies on civil rules and codes that do not apply to criminal prosecutions. The Court follows the other courts who have decided this issue by rejecting the argument. See United States v. Hinkson, No. CR-04-127-C-RCT, 2004 WL 7333636, at *3 (D. Idaho July 26, 2004) ("[T]he Federal Rules of Civil

Procedure do not apply to criminal cases, see FED. R. CIV. P. 1, and the United States is the proper plaintiff in this criminal case."); see also Collins v. United States, No. 12-CR-30139-GPM, 2014 WL 1584441, at *4 (S.D. Ill. Apr. 21, 2014) ("[T]he 'ratification of commencement' theory has no legitimacy in criminal cases. Crimes have long been viewed as offenses to the sovereignty of a government that are brought about by disobedience to the government's laws."). As such, the motion is denied.

### C. Motion for Appointment of Counsel

The Court will grant Alcaraz's Motion for Appointment of Counsel (ECF #201). Alcaraz wishes to pursue a motion for compassionate release under the First Step Act and the District of Nevada's general order grants him access to counsel to do so. The Federal Public Defender has indicated to the Court that a conflict prevents their office from representing Alcaraz. As such, appointed counsel will review Alcaraz's motion, and if it is not frivolous, will assist him in its filing. At the same time, appointed counsel will review Alcaraz's potential for relief under Rehaif v. United States, 139 S.Ct. 2191 (2019) as required by the District's General Order 2019-06. Therefore, Alcaraz's motion for appointment of counsel is granted.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Vacate, Set Aside, or Correct Sentence (ECF #192) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF #195) is **DENIED**.

IT IS FURTHER ORDERED that Counsel's Ex-Parte Motion to Withdraw and Appoint New Counsel (ECF #198) is **GRANTED**.

IT IS FINALLY ORDERED that Defendant's Motion for Appointment of Counsel (ECF #201) is **GRANTED**.

Dated this 6th day of May, 2021.

_____
Kent J. Dawson
United States District Judge