UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>FRANCISCO ALCARAZ,<br><br>                              Defendant. | Case No. 2:13-cr-00189-KJD-CWH<br><br>**ORDER** |

Presently before the Court is Defendant's Motion for Reconsideration or, in the Alternative, Clarification of Order (#204) and Petition for Writ of Habeas Corpus (#194). The Government filed a response (#205) to Defendant's Motion for Reconsideration, and Defendant subsequently filed a reply (#206). For the reasons stated below, Defendant's Motion for Clarification is granted, and his Petition for Writ of Habeas Corpus is denied.

I.      Analysis

**A. Motion for Reconsideration or, in the Alterative, Clarification of Order (#204)**

In 2018, Defendant filed his initial 28 U.S.C § 2255 motion. (#192). While his motion was pending, he filed three subsequent pro se pleadings on August 7, 2019: Objection to Proceedings (#193); Petition for a Writ of Habeas Corpus (#194); and Motion to Dismiss (#195). Subsequently, Defendant filed a pro se Addendum to his initial § 2255 motion. (#199). However, while his initial § 2255 motion was pending, the Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191 (2019). Therefore, pursuant to General Order 2019-06, the Office of the Federal Public Defender ("FPD") was appointed to determine Defendant's eligibility for relief under Rehaif. However, due to a prohibitive conflict, the FPD requested that the Court appoint CJA counsel. (#201). Consequently, before new counsel was appointed and before the one-year statute of limitations for a Rehaif claim expired, the FPD filed a Protective Supplemental Motion to Vacate under 28 U.S.C. § 2255 (#200).

On May 6, 2021, the Court denied Defendant's initial § 2255 motion but appointed new

counsel to determine his eligibility for relief under Rehaif. (#202, at 6). Defendant now seeks clarification on whether the Court intended to treat his original pro se 2018 motion as a distinct application from the 2020 Protective Supplemental Motion to Vacate. (See #204). Furthermore, although the Government does not believe Defendant is entitled to relief under Rehaif, it has no objection to the Court granting him additional time to present his Rehaif arguments. (#205, at 3). As the Court's prior Order permitted Defendant's new counsel to review his eligibility for relief under Rehaif (see #202, at 6), it grants his motion for clarification and confirms that it will not treat his original 2018 motion as distinct from the 2020 Supplemental Protective Motion.

### B. Petition for Writ of Habeas Corpus (#194)

"A [defendant] is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Under § 2255(h), "[a] second or successive motion" must be authorized by the appropriate court of appeals. 28 U.S.C. § 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction to hear the motion. Burton v. Stewart, 549 U.S. 147, 152-53 (2007). "However, not all second-in-time motions qualify under § 2255 as 'second or successive' motions that must satisfy the criteria of § 2255(h)." United States v. Buenrostro, 895 F.3d 1160, 1165 (9th Cir. 2018) (citing Magwood v. Patterson, 561 U.S. 320, 332 (2010)). If there is a new judgement intervening between the two habeas petitions, then the latter of two petitions is not "second or successive." Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012). In a criminal case, the sentence is the judgment. Burton, 549 U.S. at 156.

As stated above, Defendant filed his initial motion to vacate in 2018. However, before the Court adjudicated this first motion, he filed a second motion to vacate in 2019. (#194). Since this second motion was not authorized by the Ninth Circuit Court of Appeals and no judgment has intervened between the two habeas petitions, the Court deems it a successive petition and denies it. See 28 U.S.C. 2255(h); Wentzell, 674 F.3d at 1127.

//

//

II. <u>Conclusion</u>

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Clarification (#204) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant has sixty (60) days from the entry of this Order to file a new supplement specifically addressing his eligibility for relief under <u>Rehaif</u> or to adopt or withdraw the Supplemental Protective Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (#200). The Court will review the supplement and issue an order if a response from the Government is required.

**IT IS FURTHER ORDRED** that Defendant's Petition for Writ of Habeas Corpus (#194) is **DENIED**.

Dated this 10th day of September 2024.

_____
Kent J. Dawson
United States District Judge