UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00189-KJD-CWH |
| Respondent, | ORDER |
| v. | (ECF No. 229) |
| FRANCISCO ALCARAZ, | |
| Petitioner. | |

Presently before the Court is Petitioner's Motion to Vacate Sentence (ECF No. 229). The Government has responded in Opposition (ECF No. 234). Petitioner has Replied (ECF No. 238).

**Motion to Vacate Sentence**

Petitioner moves to vacate his sentence of conviction for being a felon in possession of a firearm, implausibly asserting that there was no showing that he was aware of having been previously convicted of a felony crime. However, the Presentence Investigation Report prepared in this case and provided to Petitioner and his counsel prior to sentencing, paragraph 55 clearly enumerates prior convictions for two felony crimes with prison sentences of 24 to 60 months per count concurrent 12/30//2003. Sentence expired 08/15/2012.

As part of the sentencing procedure invariably followed by this Court in cases where a Presentence Investigation Report is prepared, the Court confirms with Counsel and Petitioner that they have received and reviewed the Report and that there are no objections that remain unresolved. That occurred in this case. In addition to the two felonies enumerated in Paragraph 55, Paragraph 57 sets forth two additional felony convictions wherein Petitioner was sentenced to terms of imprisonment of 28 to 72 months and 24 to 100 months concurrent, plus 24 to 100 months consecutive for use of the deadly weapon. There were no objections to those

paragraphs and Petitioner and counsel both confirmed they had read the subject Report \which also noted at paragraph 57 that the Sentence had expired while Petitioner was in custody.

There can be no showing that Petitioner could have presented credible evidence at trial that he did not know he was a convicted felon or that he had been convicted of multiple crimes punishable by more than one year in prison. Petitioner's allegations, viewed against the record, do not state a claim for relief and are too palpably incredible and patently foolish to warrant an evidentiary hearing. The Court finds that the instant Motion to Vacate Sentence should be denied.

### Certificate of Appealability

To appeal this order, Petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(l); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001).   Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. The Court will not issue a certificate of appealability because Petitioner has not met his burden by demonstrating that reasonable jurists would find the issue debatable, that other courts could resolve the issue differently, or that the question is adequate to proceed further.

Accordingly,

**IT IS ORDERED that Petitioner's Motion to Vacate Sentence (#229) is DENIED.**

**IT IS FURTHER ORDERED that Petitioner is DENIED a certificate of appealability.**

**IT IS FURTHER ORDERED that the Clerk of the Court enter JUDGMENT for the Respondent and against Petitioner.**

DATED: February 19, 2026

Kent J. Dawson
United States District Judge